UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE SOVEREIGN,<br><br>               Plaintiff,<br><br>     v.<br><br>UROVANT SCIENCES LTD., JAMES A. ROBINSON, MYRTLE S. POTTER, JAMES HINDMAN, SEF P. KURSTJENS, PIERRE LEGAULT, and SHIGEYUKI NISHINAKA,<br><br>               Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 12, 2020 (the "Proposed Transaction"), pursuant to which Urovant Sciences Ltd. ("Urovant" or the "Company") will be acquired by Sumitovant Biopharma Ltd. ("Parent") and Titan Ltd. ("Merger Sub," and together with Parent, "Sumitovant"). Parent's operating entity is Sumitovant Biopharma, Inc., a Delaware corporation. Sumitovant currently owns approximately 72% of the outstanding shares of Urovant common stock.

2. On November 12, 2020, Urovant's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Sumitovant. Pursuant to the terms of the Merger Agreement, Urovant's stockholders will receive $16.25 in cash for each share of Urovant common stock they own.

3. On December 29, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Urovant common stock.

9. Defendant Urovant is a Bermuda company and a party to the Merger Agreement. Urovant's common stock is traded on the NADAQ under the ticker symbol "UROV."

10. Defendant James A. Robinson is President, Chief Executive Officer, and a director of the Company.

11. Defendant Myrtle S. Potter is Chairperson of the Board of the Company.

12. Defendant James Hindman ("Hindman") is a director of the Company.

13. Defendant Sef P. Kurstjens ("Kurstjens") is a director of the Company.

14. Defendant Pierre Legault ("Legault") is a director of the Company.

15. Defendant Shigeyuki Nishinaka is a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

17. Urovant is a clinical-stage biopharmaceutical company focused on developing and commercializing innovative therapies for urologic conditions.

18. The Company's lead product candidate, vibegron, is an oral, once-daily small molecule beta-3 agonist that is being evaluated for overactive bladder ("OAB").

19. The Company reported positive data from the vibegron twelve-week, Phase 3 pivotal EMPOWUR study and demonstrated favorable longer-term efficacy, safety, and tolerability in a forty-week extension study.

20. On November 12, 2020, Urovant's Board caused the Company to enter into the Merger Agreement with Sumitovant.

21. Pursuant to the terms of the Merger Agreement, Urovant's stockholders will receive $16.25 in cash for each share of Urovant common stock they own.

22. According to the press release announcing the Proposed Transaction:

> Sumitovant Biopharma and Urovant Sciences (Nasdaq: UROV) today announced that they have entered into a definitive merger agreement for Sumitovant to acquire the outstanding shares of Urovant common stock not already owned by Sumitovant at a price of $16.25 per share in cash. Sumitovant currently owns 72% of the outstanding shares of Urovant common stock. . . .
>
> Additional Transaction Details
>
> The transaction is subject to the approval of Urovant's shareholders, including holders of a majority of Urovant's outstanding shares that are not held by Sumitovant and other customary closing conditions. The transaction is not subject to any financing condition.
>
> Upon closing, Urovant will become a wholly owned subsidiary of Sumitovant and Urovant's common stock will cease trading on the Nasdaq stock market. The closing of the transaction is expected to take place in the first quarter of 2021.
>
> Citi is acting as exclusive financial advisor to Sumitovant. Jones Day is serving as Sumitovant's legal counsel. Lazard Frères & Co. LLC is acting as exclusive financial advisor to the special committee of Urovant's Board of Directors. O'Melveny & Myers is serving as the special committee's legal counsel.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

23. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

24. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

25. First, the Proxy Statement omits material information regarding the Company's financial projections.

26. The Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate net revenue, gross profit, operating income, and EBITDA; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Lazard Frères & Co. LLC ("Lazard").

29. With respect to Lazard's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.5% to 11.5%; (ii) the terminal values for Urovant; (iii) Lazard's basis for applying a negative terminal growth rate range of (30%)-(10%); (iv) the estimated net cash used in the analysis; (v) the number of fully diluted Urovant common shares; and (vi) the projections from Wall Street equity research reports used in the analysis.

30. With respect to Lazard's Selected Public Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

31. With respect to Lazard's Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

32. With respect to Lazard's Premia Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the analysis.

33. With respect to Lazard's Research Analyst Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

34. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

35. Third, the Proxy Statement fails to disclose whether Lazard has performed past services for the Company or its affiliates, and if so, the timing and nature of such services and the amount of compensation received by Lazard for performing such services.

36. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

37. Fourth, the Proxy Statement fails to disclose the reasons Individual Defendants Hindman, Kurstjens, and Legault were appointed to the Special Committee of the Board

38. The Company's stockholders are entitled to an accurate description of the process leading up to the execution of the Merger Agreement.

39. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

40. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Urovant**

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Urovant is liable as the issuer of these statements.

43. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

44. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

46. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

47. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

48. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. The Individual Defendants acted as controlling persons of Urovant within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Urovant and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the

power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

51. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

53. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

  A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

  C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 28, 2021       **RIGRODSKY LAW, P.A.**

             By: */s/ Gina M. Serra*
                Seth D. Rigrodsky (#3147)
                Gina M. Serra (#5387)
                300 Delaware Avenue, Suite 210
                Wilmington, DE 19801
                Telephone: (302) 295-5310
                Email: sdr@rl-legal.com
                Email: gms@rl-legal.com

                *Attorneys for Plaintiff*